**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 ANNUITY FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 LEGAL SERVICE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 HEALTH & WELFARE FUND, and G. CHANDLER BEALS in his official capacity as Administrator; LOCAL 57 APPRENTICESHIP & SKILL IMPROVEMENT PROGRAM, and BERNARD E. TREML, JR. in his official capacity as Administrator; and LOCAL 57 LABOR MANAGEMENT UNIFIED TRUST FUND,<br>Plaintiffs,<br><br>v.<br><br>DAMIAN ASSOCIATES, LLC,<br>Defendant. | : | C.A. No. 04-213S |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Now come Plaintiffs, by and through their attorney, and requests that this Court enter judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Judgment is sought in the amount of $45,432.28.

In support of this Motion, Plaintiffs rely upon the accompanying Memorandum of Law, filed contemporaneously herein.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc B. Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C

Dated: June 21, 2005

## CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail to Raymond Johnson, Owner and Manager, Damian Associates, LLC, 691 Brayton Road, Tiverton, RI 02878.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 ANNUITY FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 LEGAL SERVICE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 HEALTH & WELFARE FUND, and G. CHANDLER BEALS in his official capacity as Administrator; LOCAL 57 APPRENTICESHIP & SKILL IMPROVEMENT PROGRAM, and BERNARD E. TREML, JR. in his official capacity as Administrator; and LOCAL 57 LABOR MANAGEMENT UNIFIED TRUST FUND,<br>Plaintiffs,<br><br>v.<br><br>DAMIAN ASSOCIATES, LLC,<br>Defendant. | C.A. No. 04-213S |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT**

Plaintiffs submit this Memorandum of Law in support of their Motion for Judgment by Default. For the following reasons, Plaintiffs' Motion for Judgment by Default should be granted.

1. On or about May 27, 2004, Plaintiffs ("Funds") filed the instant action against Defendant to compel payment of contributions, interest, and penalties to Plaintiffs, employee benefit plans, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(2).

2. On December 15, 2004, a settlement conference was held with United States Magistrate Judge David L. Martin. At the conclusion of the conference, the court presented a settlement proposal to the parties.

3. Plaintiffs accepted the proposal and notified this Court that a settlement agreement was reached.

4. Thereafter, Defendant's attorney proposed some revisions to the settlement agreement. On February 1, 2005, Plaintiffs' counsel accepted the proposed revisions and an agreement was reached. A copy of the agreement is attached hereto as Exhibit 1.

5. Pursuant to the agreement, Defendant was to pay Plaintiffs the sum of $47,409.20 in monthly installments. Said installments were to begin on March 1, 2005 and continue for eighteen months. Defendant also agreed that it would pay the sum of $23,704.60 upon settlement of one of its two pending cases. In return, Plaintiffs' would not seek interest and penalties on the amount owed.

6. On or about March 30, 2005, Plaintiffs' counsel notified Defendant that it was in default of the settlement agreement and had fifteen days from receipt of the notice to cure said default. Otherwise, default would be entered against Defendant. Exhibit 2.

7. On or about April 4, 2005, Defendant made the first monthly payment to the Fund ($1,316.92) and also included an additional sum of $660, as payment for Plaintiffs' attorneys' fees. Both payments were required under the Settlement Agreement. See ¶¶ 1 and 2.

8. On May 27, 2005, Plaintiffs' counsel again notified Defendant that it was in default of the Settlement Agreement for failure to make payments in April and May. Exhibit 3.

9. Defendant has not made any further payments to the Funds in violation of the settlement agreement.

10. Paragraph 7 of the settlement agreement provides: "In the event the default is not cured in a timely matter [i.e. fifteen days from receipt of notice by Defendant pursuant to paragraph 5], Defendant will be in default of the remaining obligations and judgment shall enter in favor of Plaintiffs against the Defendant for $47,409.20 less the amount paid." (Emphasis added).

11. To date Defendant has paid $2,636.92 to the Fund. Accordingly, Plaintiffs seek Judgment against Defendant in the amount of $45,432.28.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc B. Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401)294-4700
Fax.(401)294-4702

Dated: June 21, 2005

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail to Raymond Johnson, Owner and Manager, Damian Associates, LLC, 691 Brayton Road, Tiverton, RI 02878.

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, the International Union of Operating Engineers Local 57 Pension Fund, International Union of Operating Engineers Local 57 Annuity Fund, International Union of Operating Engineers Local 57 Legal Service Fund, International Union of Operating Engineers Local 57 Health and Welfare Fund, and G. Chandler Beals, in his official capacity as Administrator, International Union of Operating Engineers Local 57 Apprenticeship and Skill Improvement Program, and Bernard E. Treml, Jr., in his official capacity as Administrator, and International Union of Operating Engineers Local 57 Labor Management Unified Trust Fund (collectively, "Local 57 Funds") filed a Complaint against Damian Associates, LLC ("Damian") on May 27, 2004, in the United States District Court for the District of Rhode Island (C.A. No. 04- 213S) ("Civil Action"); and

WHEREAS, the parties are desirous of fully and finally settling all claims;

THEREFORE, Local 57 Funds and Damian enter into this Settlement Agreement and General Release ("Agreement") as a voluntary act, and it is hereby agreed as follows:

1. Defendant shall pay the Plaintiffs the sum of Forty-Seven Thousand Four Hundred and Nine Dollars and 20/100 ($47,409.20), as follows:

   a. One half of the amount, Twenty-Three Thousand Seven Hundred and Four Dollars and 60/100 ($23,704.60) will be paid in eighteen (18) equal installments of One Thousand Three Hundred and Sixteen Dollars and 92/100 ($1,316.92), payable on or before the first of each month, payments to commence on March 1, 2005.

   b. The remaining one-half, Twenty-Three Thousand Seven Hundred and Four Dollars and 60/100 ($23,704.60), will be paid in full upon settlement of one of two pending cases that Damian has in litigation. Notwithstanding the foregoing, this obligation presumes the settlement amount of the first case to settle is sufficient to fund completely the $23,704.60 payment. If not, the first settlement will be paid to reduce the amount and the second case settlement proceeds will be used to retire the payment. These two cases are known as the "Riverside Mills" job and the "Rocchio" job.

2. Defendant's first payment under this agreement will include an additional sum of Six Hundred and Sixty Dollars and 00/100 ($660.00), as payment for Plaintiffs' attorneys fees.

3. Payments shall be made payable to "Local 57 Funds."

4. In the even of nonpayment of any installments, or failure to remit payment upon settlement of the Riverside Mills or Rocchio job, Plaintiffs shall notify the Defendant of default by sending a letter to Damian and its counsel in accordance with Paragraphs 6(a) and 6(b).

5. Defendant shall have fifteen (15) days from receipt of written notice to cure the default by making payment to the Local 57 Funds.

6. Any notice required to be given under this Agreement shall be in writing and shall be deemed to have been given if delivered by certified registered mail, postage pre-paid, return receipt requested, duly addressed to the other party at the address noted below:

   a. Given to Damian Associates, LLC:

      i. Raymond Johnson, Owner and Manager, Damian Associates, LLC,
      691 Brayton Road, Tiverton, RI, 02878.

   b. with a copy to:

      i. Michael G. Sarli, Esq., Gidley, Sarli & Marusak, LLP, One Turks Head Place, Suite 900, Providence, RI, 02903.

   c. Given to Local 57 Funds:

      i. Wayne Sollars, Assistant Administrator, International Union of Operating Engineers Local 57 Funds, 141 Gano Street, Providence, RI, 02906.

   d. with a copy to:

      i. Marc B. Gursky, Esq., Gursky Law Associates, 18 Imperial Place, Suite, 1D, Providence, RI, 02903, Tel. (401) 454-7400, Fax (401) 621-8553

7. In the event the default is not cured in a timely manner, Defendant will be in default of the remaining obligations and judgment shall enter in favor of Plaintiffs against the against the Defendant for $47,409.20 less the amount paid.

8. Local 57 Funds hereby release and discharge all grievances, demands, claims, charges, complaint and suits, whether contractual, statutory, or otherwise against Damian arising out of the Civil Action.

9. Damian hereby release and discharges all grievances, demands, claims, charges, complaints, and suits, whether contractual, statutory, or otherwise, against Local 57 Funds which Damian has had or may now have, known or unknown, including but not limited to those arising from any collective bargaining agreement between Local 57 Funds and Damian which could have been asserted in the Civil Action.

10. The parties to this Agreement represent and acknowledge that no other Agreements or representations have been made by them or anyone acting on their behalf about the subject matter, basis or effect of this Agreement and that this Agreement supersedes any prior agreements or understanding between the parties hereto pertaining to the subject matter hereof. Further, the parties to this Agreement acknowledge that nothing contained herein shall be construed as an admission of liability or wrongdoing by any party.

11. Each of the persons signing below represents and warrants that he or she is fully and duly authorized to executive this Agreement on behalf of the party indicated, and that all votes, resolutions or other action necessary to authorize, empower, or ratify such executions have been properly taken.

12. This Agreement shall not be used as evidence in any proceeding not involving this Agreement.

13. This Agreement may be executed in counter-parts each of which shall be deemed an original.

14. Should any term(s) herein be deemed invalid by a court of law, then such term(s) shall be limited so as to be consistent with applicable law, but in any event, such invalidity shall not effect any of the remaining terms herein.

15. Damian has been advised and given the opportunity to consult with an attorney of its choice prior to signing this Agreement.

16. The Local 57 Funds have been advised and given the opportunity to consult with an attorney of their choice prior to signing this Agreement.

17. The parties have read the foregoing Settlement Agreement and General Release and accept and agree to the provisions contained within.

18. The parties execute this Agreement voluntarily with full understanding of its terms and consequences.

# EXHIBIT 2

**GURSKY LAW ASSOCIATES**

*420 Scrabbletown Road, Suite C*
*North Kingstown, Rhode Island 02852*
*Email: rilaborlaw@aol.com*
*Tel: 401.294.4700*
*Fax: 401.294.4702*

May 27, 2005

Raymond Johnson, Owner and Manager
Damian Associates, LLC
691 Brayton Road
Tiverton, RI 02878

**Re: International Union of Operating Engineers Local 57 Pension Fund, et al. v. Damian Associates, LLC**
**<u>C.A. No. 04-213S</u>**

Dear Mr Johnson:

You are hereby notified that Damian Associates is in default of the Settlement Agreement and General Release ("Agreement") in the above-captioned matter. As you may recall, the Agreement requires Damian Associates to make monthly payments to the Local 57 Funds in the amount $1,316.92. Payments were not made in April or May of 2005.

Pursuant to the Agreement, in the event of nonpayment of any installations, Damian Associates shall have fifteen (15) days from receipt of this notice to cure the default by making payment to the Local 57 Funds. If payment is not made within the fifteen-day period, default will be entered against Damian in the amount of $45,432.28. In the event default is entered, you will be held jointly liable for all amounts owed.

Please forward the appropriate payments to the Fund immediately.

U.S. Postal Service
CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com
OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Raymond Johnson/Damian Assc
Street, Apt. No.; or PO Box No.: 691 Brayton Rd
City, State, ZIP+4: Tiverton RI 02878

PS Form 3800, June 2002

7003 1010 0002 3379 4400

# EXHIBIT 3

**GURSKY LAW ASSOCIATE**

*420 Scrabbletown Road, Suite C*
*North Kingstown, Rhode Island 02852*
*Email: rilaborlaw@aol.com*
*Tel: 401.294.4700*
*Fax: 401.294.4702*

March 30, 2005

Raymond Johnson, Owner and Manager
Damian Associates, LLC
691 Brayton Road
Tiverton, RI 02878

**Re: International Union of Operating Engineers Local 57 Pension Fund, et al.**
**v. Damian Associates, LLC**
**<u>C.A. No. 04-213S</u>**

Dear Mr Johnson:

You are hereby notified that Damian Associates is in default of the Settlement Agreement and General Release ("Agreement") in the above-captioned matter. As you may recall, the Agreement requires Damian Associates to make monthly payments to the Local 57 Funds in the amount $1,316.92. Payments were to commence on March 1, 2005. However, to date, the Fund has not received a payment from Damian in this matter.

Pursuant to the Agreement, in the event of nonpayment of any installations, Damian Associates shall have ten (10) days from receipt of this notice to cure the default by making payment to the Local 57 Funds. If payment is not made within the ten-day period, default will be entered against Damian in the amount of $47,409.20. In the event default is entered, you will be held jointly liable for all amounts owed.

Please forward the appropriate payments to the Fund

7003 1010 0002 3379 4301

U.S. Postal Service
CERTIFIED MAIL RECE
(Domestic Mail Only; No Insurance Cov
For delivery information visit our website at w
OFFICIAL

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To: Raymond Johnson
Street, Apt. No.; or PO Box No.: Damian Assoc
City, State, ZIP+4: 691 Brayton Rd Tiverton, RI

PS Form 3800, June 2002 See Revers

1010 0002 3379 4301