UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 ANNUITY FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 LEGAL SERVICE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 HEALTH & WELFARE FUND, and G. CHANDLER BEALS in his official capacity as Administrator; LOCAL 57 APPRENTICESHIP & SKILL IMPROVEMENT PROGRAM, and BERNARD E. TREML, JR., in his official capacity as Administrator; and LOCAL 57 LABOR MANAGEMENT UNIFIED TRUST FUND, Plaintiffs, | : | |
| v. | : | CA 04-213S |
| DAMIAN ASSOCIATES, LLC, Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court is Plaintiffs' Motion for Entry of Judgment by Default (Document #17) ("Motion" or "Motion for Entry of Default Judgment"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a).

The court conducted a hearing on the Motion on July 11, 2005. At that time, counsel for Plaintiffs, Elizabeth Wiens, advised the court that the parties had reached an agreement for the entry of a Consent Order and Judgment (the "Consent Order"). Although no attorney appeared for Defendant Damian Associates, LLC, its owner and manager, Raymond Johnson ("Mr. Johnson"), was

present for the hearing. Mr. Johnson confirmed that an agreement had been reached between the parties and that he was agreeable to signing the Consent Order.

The court questioned Mr. Johnson relative to his understanding of each paragraph of the Consent Order. Except for the last sentence of paragraph 2, Mr. Johnson indicated that he understood the terms of the Consent Order. The court indicated that it would take a recess for ten minutes and allow Mr. Johnson and Attorney Wiens to confer regarding anything in the Consent Order which Mr. Johnson did not understand or about which he had a question. The court further indicated that if the parties found that they needed additional time they should inform the clerk, and the court would allow them such time. Thereafter, the court recessed.

Neither Mr. Johnson nor Attorney Wiens requested additional time, and the hearing resumed after the ten minute recess. The court was informed that they had signed the Consent Judgment. Mr. Johnson indicated that he now fully understood the Consent Judgment. The court satisfied itself that Mr. Johnson had signed the Consent Judgment freely and voluntarily and that he had authority to execute it. Following this determination, the court stated that it would make a report and recommendation to District Judge William E. Smith, recommending that the Consent Judgment be granted, and that each side would have ten days within which to file an objection to that report and recommendation.

**Conclusion**

For the reasons stated above, I recommend that the Motion for Entry of Default Judgment (Document #17) be treated as a motion to enter the Consent Judgment which was executed by the parties on July 11, 2005, and that such motion be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk within ten (10) days of its receipt.

See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 11, 2005